UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-cv-80675-DIMITROULEAS/SNOW

SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
        Plaintiff,                    )
    v.                                )
                                      )
JEFFREY M. BERKOWITZ,                 )
                                      )
        Defendant.                    )
_____ )

### ORDER AND FINAL JUDGMENT SETTING CIVIL PENALTY AMOUNT

**THIS MATTER** is before the Court on Plaintiff Securities and Exchange Commission's Motion for Final Judgment Setting Civil Penalty Amount as to Defendant Jeffrey M. Berkowitz [DE 12].

On July 15, 2014, this Court entered a Default Judgment of Permanent Injunction and Other Relief against Berkowitz [DE 11]. The Judgment provided that Berkowitz shall pay a civil money penalty pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(d)(3), and that upon motion of the Commission, the Court shall determine the amount of the civil penalty [DE 11 at § III].

On January 8, 2014, the Court issued an Order to Show Cause [DE 13], requiring Defendant to show cause on or before January 19, 2015, why the Motion should not be granted. The Court cautioned Defendant that a failure to timely respond would result in the Court granting the Motion by default. Defendant failed to respond.

**UPON CONSIDERATION** of the motion and being otherwise fully advised in the premises, it is **ORDERED AND ADJUDGED** that the motion [DE 12] is **GRANTED**. Final Judgment is hereby entered against Berkowitz as follows:

I.

**CIVIL PENALTY AGAINST BERKOWITZ**

**IT IS FURTHER ORDERED AND ADJUDGED** that Berkowitz shall pay a first-tier civil penalty in the amount of $7,500 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Berkowitz shall make this payment to the Commission within 14 days after entry of this Final Judgment.

Berkowitz may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment also may be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Berkowitz also may pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter (i) identifying the case title, civil action number, and name of this Court; (ii) identifying Berkowitz as a defendant in this action; and (iii) specifying that payment is made pursuant to this Final Judgment. Berkowitz shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action:

> Patrick R. Costello, Esq.
> Securities & Exchange Commission
> 801 Brickell Avenue, Suite 1800
> Miami, FL 33131
> costellop@sec.gov

By making this payment, Berkowitz relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him. The Commission shall

send the funds paid pursuant to this Final Judgment to the United States Treasury. Berkowitz shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED AND ADJUDGED** that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Berkowitz, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Berkowitz under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Berkowitz of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## III.

## DISMISSAL OF CLAIMS FOR DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED AND ADJUDGED** that upon entry of this Final Judgment, the Commission's claims for disgorgement and prejudgment interest against Berkowitz are dismissed.

## IV.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter and of Berkowitz for the purposes of enforcing the terms of this Final Judgment and the terms of the Judgment of Permanent Injunction and Other Relief the Court entered against Berkowitz on July 15, 2014 [DE 11].

V.

**RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 13th day of February 2015.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of Record
**(via CM-ECF)**


Jeffrey M. Berkowitz, *pro se*
11604 150th Court North
Jupiter, FL 333478
**(via First-Class Mail)**

Jack Albert Fleischman, Esq.
Fleischman & Fleischman
2161 Palm Beach Lakes Boulevard
Suite 403
West Palm Beach, FL 33409
**(via First-Class Mail)**